**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61995-STRAUSS**

**LUC WILSEN JOSEPH,**

       Plaintiff,

v.

**STEPHEN BEITING and**
**SWAGELOK COMPANY**,

       Defendants.

_____/

**<u>ORDER</u>**

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion") and Plaintiff's Motion for Referral to Volunteer Attorney Program [DE 4] (the "Referral Motion").  For the reasons described below, the IFP Motion and the Referral Motion are **DENIED WITHOUT PREJUDICE**.  Further, the Court will require Plaintiff to file an amended complaint no later than **April 15, 2026**, because the Complaint, upon initial screening, fails to state a claim upon which relief could be granted.

**<u>BACKGROUND</u>**

Plaintiff filed his Complaint on October 3, 2025.  *See generally* [DE 1].  Plaintiff appears to be alleging an employment discrimination claim against Defendant Swagelok Company (the "Company").[1]  *See id.* at 4, 10.  According to Plaintiff, he experienced racial comments about his hair, looks, and voice.  *Id.* at 4.  For example, Plaintiff alleges that he experienced racial comments

---

[1] Plaintiff also names Stephen Beiting, esq., as a defendant.  [DE 1] at 1.  It is unclear from the allegations whether Plaintiff intends to maintain an action against Beiting or if Beiting merely represents the Company.

from his trainer a few weeks after he started working for the Company. *Id.* at 10. The trainer said, "[W]hy they send this people [sic] over here, look at his hair, we're not tolerate [sic] any slow talking over here . . . ." *Id.* This comment was made to another maintenance worker as well as "control machine operations (RX)." *Id.* Moreover, some of the Company's workers allegedly messed with Plaintiff in other ways, such as by tampering with his computer and pulling his chair while Plaintiff was working. *Id.* at 4. At some point, Plaintiff raised concerns to the human resources department ("HR"). *Id.* at 10. After a meeting with HR and some managers, Plaintiff was moved to another work center. *Id.* The harassment continued, and Plaintiff's supervisor kept moving him from one work center to another. *Id.* The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right-to-sue-letter on September 22, 2025. *Id.* at 6.

Regarding his financial condition, Plaintiff alleges in the IFP Motion that he is employed and makes $18 per hour. [DE 3] at 1. He does not have income from other sources. *Id.* Plaintiff represents having $500 in a checking or savings account. *Id.* at 2. He also has a 2010 Mercedes Benz. *Id.* In terms of expenses and liabilities, Plaintiff represents that he spends $350 per month on utilities, $1,000 per month on rent, $73 per month on a loan, and $200 per month on transportation. *Id.* Plaintiff also appears to represent that several people depend on him for support. *Id.*

## ANALYSIS

### I.      IFP MOTION

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 3] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v.*

*Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307.  A plaintiff, however, need not be "absolutely destitute." *Id.*  Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

In this case, Plaintiff has not yet satisfied that he cannot pay for the fees and costs of maintaining this action and simultaneously pay for the necessary expenses of himself and his dependents.  While Plaintiff represents that he has only $500 in a savings or checking account and three dependents, his listed income of $18 per hour exceeds the monthly expenses he lists (assuming Plaintiff works a standard forty hours per week) by a fair margin.  However, the IFP Motion does not appear to give a full picture of Plaintiff's expenses and is incomplete at various points (e.g., it does not describe how much Plaintiff contributes per month to each of the three dependents he lists).  Therefore, the IFP Motion will be denied without prejudice.  Plaintiff may refile the IFP Motion by fully and accurately completing the "long form" IFP application[2] when or before he files an amended complaint, as directed below.

---

[2] The appropriate form is available here: https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form.

## II.    SCREENING OF COMPLAINT

Plaintiff must file an amended complaint.  The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*.  Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons.  However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[3]  In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  Although

---

[3] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, an amended complaint is necessary because the current one is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another type occurs when the complaint fails to separate each cause of action or claim for relief into different counts. *Id.* at 1323. A third type occurs when the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's Complaint is a shotgun pleading.  First, it does not contain consistently numbered paragraphs with "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Second, it is unclear what cause of action Plaintiff is bringing, and the allegations that do exist are vague and conclusory.  Third, the Complaint appears to bring claims against multiple Defendants without specifying which acts or omissions are attributable to which Defendant.  Specifically, Plaintiff does not name a particular cause of action or cite a particular statute in his Complaint.  Based on what can be gleaned from the allegations, the Court presumes Plaintiff is attempting to bring some type of race discrimination or related claim against a former employer.  If so, Plaintiff must allege facts that would raise a plausible inference that he is entitled to relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, or some other federal or state[4] statute that provides a private right of action for workplace discrimination due to a protected characteristic.  Plaintiff must also make sure to separate the different causes of action he may have under each statute (e.g., discrimination,[5] retaliation,[6] hostile work

---

[4] Plaintiff must also clarify the basis on which he invokes this Court's subject-matter jurisdiction. Plaintiff indicates that the basis for this Court's jurisdiction is diversity jurisdiction, [DE 1] at 3, but his allegations and the letter from the EEOC attached to the Complaint suggest that Plaintiff may be bringing a cause of action based on federal employment law.  *See generally* 28 U.S.C. § 1331 (federal-question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

[5] "To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'"  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir.2008)).  In other words, the factual allegations of Plaintiff's amended complaint will be sufficient if they "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination."  *Id.*

[6] To state a retaliation claim under Title VII, Plaintiff must show: "(1) that []he engaged in an activity protected under Title VII; (2) []he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action."  *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (citation omitted).

environment,[7] etc.) into different counts, naming each defendant that the count is brought against and specifying what exactly each defendant did or failed to do.

In sum, Plaintiff must, at the very minimum, do the following things in any amended complaint: (1) separate allegations into numbered paragraphs; (2) separate claims into different counts that identify which Defendants (if more than one) each count is brought against; (3) explain which Defendants are responsible for which acts or omissions; (4) provide supporting factual allegations to support legal conclusions such that the factual content raises a plausible inference that Defendants are liable.

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with his Complaint, including those outlined above.

### III.    REFERRAL MOTION

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). And appointment of counsel in civil cases is usually reserved for exceptional circumstances. *See id.* Plaintiff has not provided any exceptional circumstances, and none can be gleaned from the Complaint. The Complaint is a shotgun pleading that does not enable the Court to evaluate whether the legal claims are straightforward or exceedingly complicated.

---

[7] "To state a claim for hostile work environment, a plaintiff must allege that: (1) []he belongs to a protected group; (2) []he has been subject to unwelcome harassment; (3) the harassment must have been based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability." *Usai v. Club Mgmt. Mia. II, LLC*, 801 F. Supp. 3d 1295, 1321 (S.D. Fla. 2025).

Moreover, Plaintiff has not yet satisfied the poverty requirement to proceed in *forma pauperis*. Therefore, the Referral Motion is due to be denied.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.  Plaintiff's IFP Motion [DE 3] is **DENIED**.  Plaintiff may refile his IFP Motion when he files his amended complaint.  The refiled motion shall be complete and based on the "long form" linked for Plaintiff above.

2.  Plaintiff's Referral Motion [DE 4] is **DENIED**.

3.  No later than **April 15, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint).  Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of March 2026.

Jared M. Strauss
United States Magistrate Judge