UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61995-DIMITROULEAS/STRAUSS

LUC WILSEN JOSEPH,

      Plaintiff,

v.

STEPHEN BEITING and
SWAGELOK COMPANY,

      Defendants.

_____ /

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon a *sua sponte* review of the record. The case has been referred to me for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matter. [DE 16]. For the reasons discussed below, I respectfully **RECOMMEND** that this case be **DISMISSED**.

## BACKGROUND

Plaintiff filed his Complaint on October 3, 2025. [DE 1]. The same day, Defendant filed a motion for leave to proceed *in forma pauperis* (the "IFP motion"). [DE 3]. The IFP motion triggered the Court's obligation to screen the Complaint under 28 U.S.C. § 1915(e). *See* [DE 11] at 4 (explaining pre-screening under § 1915(e)). The case was later reassigned to the undersigned U.S. Magistrate Judge on February 4, 2026. [DE 9]. After the case was reassigned to me, I entered an order directing Plaintiff to file either a notice of consent to magistrate-jurisdiction or a motion for case reassignment to a district judge. [DE 10] at 1-2. I then entered an order denying Plaintiff's IFP motion without prejudice. [DE 11] at 2-3, 8. The same order directed Plaintiff to file an amended complaint because the Complaint, upon initial screening under § 1915(e), failed to state

a claim upon which relief could be granted. *Id.* at 4-8. Although Plaintiff appeared to be alleging some type of employment discrimination claim, the complaint was a shotgun pleading that would have left Defendants unable to frame a responsive pleading. *See id.* I gave Plaintiff until April 15, 2026, to file an amended complaint. *Id.* at 1, 8. Importantly, my order warned Plaintiff that failure to file an amended complaint "may result in dismissal of this action without further notice." *Id.* at 8; *see also id.* at 4 ("Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.").

Days after entering the order requiring an amended complaint, I entered an order to show cause because Plaintiff had failed to indicate whether he consented to magistrate-judge jurisdiction. [DE 12] at 1. I thus directed Plaintiff to file the notice of consent or motion for case reassignment by April 15, 2026, the same day on which Plaintiff needed to file his amended complaint. *See id.* Plaintiff then filed a motion for case reassignment. [DE 13]. Although the motion stated that Plaintiff would like to pursue his case "with a district magistrate," *id.* at 1, I construed the request as one for reassignment to a district judge and granted the motion, [DE 14]. In reassigning the case, however, I warned Plaintiff that "[a]ny pending deadlines in the case (including the requirements of DE 11 to file an amended complaint . . . by April 15, 2026) remain in effect absent a contrary order from the newly assigned District Judge." [DE 14].

Although Plaintiff later paid the filing fee on April 9, 2026, *see* [DE 17] at 1, the deadline to file an amended complaint came and went without Plaintiff filing anything. Today, more than a month has passed since the April 15, 2026 deadline, and Plaintiff has not filed his amended complaint. The time within which to do so has now passed. Because Plaintiff has failed to comply with the Court's order to file an amended complaint, the Court should dismiss the action.

2

## ANALYSIS

Where a party fails to adequately prosecute their case or fails to comply with court orders, as here, the court may dismiss the action. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("[Federal] Rule [of Civil Procedure] 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .'" (alterations in original) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962))). Relatedly, Federal Rule of Civil Procedure 16(f) states that "on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (listing "dismissing the action" as a permissible sanction for failure to comply with a court order).

Here, Plaintiff has failed to file an amended complaint despite being given ample time and guidance on how to do so. The Court warned Plaintiff that failure to file an amended complaint could lead to dismissal of the action for failure to prosecute. The Court also reminded Plaintiff that the deadline to file an amended complaint remained the same regardless of the reassignment of the case to a district judge. Plaintiff may have paid the filing fee, but doing so did not eliminate the court's directive to file an amended complaint by the stated deadline. Indeed, Plaintiff has taken no action regarding the directive to file an amended complaint and instead seemingly ignored the Court's orders. Furthermore, the Complaint remains a shotgun pleading, for all the reasons described in my prior order [DE 11]. Regardless of Plaintiff having paid his filing fee, the Court

3

may dismiss a shotgun pleading *sua sponte* after having given the plaintiff leave to amend. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018)). Because Plaintiff has failed to prosecute his case by not following the Court's directives and has failed to rectify the shotgun nature of his Complaint, the Court should dismiss the action.

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that this case be **DISMISSED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 20th day of May 2026.

Jared M. Strauss
United States Magistrate Judge