UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV- 61995-WPD

LUC WILSEN JOSEPH,

     Plaintiff,

v.

STEPHEN BEITING, ESQ., et al.,

     Defendants.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; CLOSING CASE

THIS CAUSE is before the Court upon the May 20, 2026 Report and Recommendation of Magistrate Judge Jared M. Strauss (the "Report") [DE 18]. The Court has conducted a *de novo* review of the Report [DE 18], *pro se* Plaintiff Luc Wilsen Joseph ("Plaintiff")'s "Statement to Clarify my Intentions and Concerns Regarding This Matter" [DE 19], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de*

1

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation.

The Court agrees with the Magistrate Judge's conclusions in the Report that this action should be dismissed based on the reasons stated therein. Plaintiff's objections are overruled. After dismissing Plaintiff's original complaint as a shotgun pleading on March 25, 2026, the Magistrate Judge provided Plaintiff three weeks, until April 15, 2026, to file an amended complaint. That deadline—plus one month—passed, and no amended complaint was filed. Moreover, in his response to the Report, Plaintiff still does not attach any amended complaint or indicate that one is forthcoming.

Where a party fails to adequately prosecute their case or fails to comply with court orders, as here, the Court may dismiss the action. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). As the Magistrate Judge correctly noted, "[b]ecause Plaintiff has failed to prosecute his case by not following the Court's directives and has failed to rectify the shotgun nature of his Complaint," the action is subject to dismissal. [DE 18] p. 4. In addition, the action is dismissed for want of an operative pleading.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 18] is hereby **APPROVED**;

2. The Objections [DE 19] are **OVERRULED**;

3. This action is **DISMISSED WITHOUT PREJUDICE;**

4.  The Clerk is **DIRECTED** to **CLOSE** this case.

5.  The Clerk shall email a copy of this Order to the Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Strauss
Luc Wilsen Joseph
3570 W. Hillsboro Blvd
Apt. 103
Coconut Creek, FL 33073
440-600-4939
Email: m458007@gmail.com
PRO SE